1
2
3          4
4                    UNITED STATES DISTRICT COURT
5                       EASTERN DISTRICT OF CALIFORNIA
6
7  ALEJANDRO VARGAS HERNANDEZ,        1:12-cv-0497-AWI-MJS (PC)
8              Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                      FOR DISMISSAL OF PLAINTIFF'S
9       v.                           ACTION
10 SIX UNKNOWN NAMES AGENTS, et       (ECF No. 2)
   al.,
11            Defendants.            FOURTEEN DAY DEADLINE
12
13
   _____/
14
15       Plaintiff Alejandro Vargas Hernandez ("Plaintiff") is a prisoner proceeding pro se
16 in a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal
   Bureau of Narcotics, 403 U.S. 388 (1971).
17
18       On April 10, 2012, the Court ordered Plaintiff's Complaint to be stricken from the
19 record because it lacked his signature and directed Plaintiff to file a signed complaint
20 within fourteen days from service of the Order.  (ECF No. 2.)  Plaintiff was informed that
21 failure to comply with the Order would result in dismissal of the action.  (Id.)  Plaintiff was
   to respond by April 24, 2012.  (Id.)  April 24, 2012, has passed without a response from
22 Plaintiff.
23
24       Local Rule 110 provides that "failure of counsel or of a party to comply with these
25 Rules or with any order of the Court may be grounds for imposition by the Court of any
   and all sanctions . . . within the inherent power of the Court."  District courts have the
26 inherent power to control their dockets and "in the exercise of that power, they may
27 impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v.
28 Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

1  prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

2  or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th

3  Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

4  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

5  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

6  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

7  apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

8  (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

9  1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local

10  rules).

11      In determining whether to dismiss an action for lack of prosecution, failure to obey

12  a Court order, or failure to comply with local rules, the Court must consider several

13  factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need

14  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

15  favoring disposition of cases on their merits; and (5) the availability of less drastic

16  alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833

17  F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

18      In the instant case, the Court finds that the public's interest in expeditiously

19  resolving this litigation and the Court's interest in managing the docket weigh in favor of

20  dismissal.  The third factor, risk of prejudice to the defendant, also weighs in favor of

21  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

22  in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The

23  fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

24  outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's

25  warning to a party that his failure to obey the court's order will result in dismissal satisfies

26  the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262;

27  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly

28  stated: "The failure to comply with this Order will result in dismissal of this action." (Order,

ECF No. 2.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Accordingly, it is **RECOMMENDED** that in the event that Plaintiff does not file a signed complaint within **fourteen (14) days** of entry of this Order, this matter be **DISMISSED by the District Judge**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 10, 2012                       /s/ Michael J. Seng
                                             UNITED STATES MAGISTRATE JUDGE

-3-